**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CAREMAX, INC., *et al.*[1] | Case No.  24-80093 (MVL) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On November 17, 2024 (the "Petition Date"), CareMax, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11, United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 24-80093 (MVL).

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") were prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors with unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  The Debtors have historically prepared consolidated monthly financial statements and have not historically prepared stand-alone monthly financial statements.  Unlike the consolidated financial statements, the

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/CareMax.  The Debtors' mailing address is 1000 NW 57 Court, Suite 400, Miami, Florida 33126.

Schedules and Statements generally reflect the assets and liabilities of each Debtor on a nonconsolidated basis. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Debtors. The Debtors, and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. For the avoidance of doubt, the Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors, or their agents, attorneys, and advisors, be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, or advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation and nature of certain assets and liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent on the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent on the Petition Date or any time prior to the Petition Date.

Paul Rundell has signed each set of the Schedules and Statements. Mr. Rundell serves as the Chief Restructuring Officer ("CRO") of the Debtors, and he is an authorized signatory for each of the Debtors in these Chapter 11 Cases. In reviewing and signing the Schedules and Statements, Mr. Rundell has necessarily relied upon the efforts, statements, advice, and representations of the Debtors and their advisors. Mr. Rundell has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.    In the ordinary course of business, the Debtors routinely engage in intercompany transactions (collectively, the "Intercompany Transactions") with one another and with non-Debtor affiliates, which result in intercompany receivables and payables (collectively, the "Intercompany Claims"). Intercompany Transactions and Intercompany Claims arise from relationships and historical practice, or certain intercompany agreements and intercompany loans (collectively, the "Intercompany Relationships" or "Intercompany Agreements") to support operations and shared service functions, including operating activities and payroll. The Debtors manually track and allocate receivables and payables across the corporate enterprise.

2.    **Interest in Subsidiaries and Affiliates.** CareMax, Inc. is the sole owner of CareMax Holdings, L.L.C. CareMax Holdings, L.L.C. owns directly or indirectly all of the equity

2

interest in all the other Debtor subsidiaries and affiliates other than Medical Care of Texas, P.L.L.C., Medical Care of Tennessee, P.L.L.C., and Medicare Care of NY, P.C., each of which is owned entirely by Niberto Moreno, M.D and Care Optical, L.L.C., which is owned by Melody Bolanos, O.D. Interests in subsidiaries arise from stock ownership or ownership through a membership interest. Debtor entities Medical Care of Texas, P.L.L.C., Medical Care of Tennessee, P.L.L.C., Medicare Care of NY, P.C., and Care Optical, L.L.C. are managed and controlled pursuant to management services agreements. Each Debtor's Schedule A/B, Part 4, Question 15 and Statements, Part 13, Question 25 schedules its ownership interests, if any, in subsidiaries and affiliates. Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from market values.

3. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements or these Global Notes constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a) **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b) **Recharacterization.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition. Disclosure of information in one or more Schedules, Statements, or one or more exhibits or attachments thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

(c) **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the

legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract or to setoff such claim.

(d) **Claims Description.** Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." Each Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective Schedules and Statements or described in these Global Notes on any grounds, including, without limitation, liability, or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, or priority of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements and Global Notes as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e) **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(f) **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(g) **Intellectual Property Rights.** Exclusion of certain intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h) **Executory Contracts and Unexpired Leases.** Although the Debtors made diligent efforts to identify contracts and unexpired leases as executory within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract

to its rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G at any time during the pendency of these Chapter 11 Cases.

(i)   **Insiders.**   In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (i) the purposes of determining (A) control of the Debtors; (B) the extent to which any individual exercised management responsibilities or functions; (C) corporate decision-making authority over the Debtors; or (D) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.

4.   **Description of Cases and "As Of" Information Date.**  On November 17, 2024, or the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.  The Debtors continue to operate their business.  The information provided herein, except as otherwise noted, is reported as of the Petition Date of each respective Debtor, as appropriate.

5.   **Methodology.**

(a)   **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)   **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

(c)     **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  Market values may vary, in some instances, materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the market values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements, or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(d)     **Undetermined Amounts.**  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(e)     **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(f)     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(g)     **Paid Claims.**  The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis.  Pursuant to such orders, certain prepetition liabilities that the Debtors have paid postpetition or those which the Debtors plan to pay via this authorization may not be listed in the Schedules and Statements.

(h)     **Liens.**  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(i)     **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(j)     **Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements and these Global Notes as they deem appropriate in this and all other regards.

(k)     **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, but not limited to: certain deferred charges, investments in subsidiaries, reserves recorded only for purposes of complying with the requirements of GAAP, and deferred tax assets,

and deferred tax liabilities.  The Debtors have also excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist.  Other immaterial assets and liabilities may also have been excluded.

(l)     **Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

(m)    **Setoffs.**  The Debtors may periodically incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes.  Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

6.     **Global Notes Control.**  These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

7.     **Specific Schedules Disclosures.**

(a)     **Schedules Summary**.  Except as otherwise noted, the asset totals represent amounts as of the September 30, 2024 and liability information provided herein represents the Debtors' liabilities as of the Petition Date.

(b)     **Schedule A/B, Part 1** – **Bank Accounts**; Amounts reported in schedule AB question 3 reflect actual account balances as of the Petition Date and may differ from general ledger books and record values.

(c)     **Schedule A/B, Part 3 – Accounts Receivable;** The Debtors do not have the reporting capability to break out accounts receivable above and below 90 days on a Debtor by Debtor basis. All accounts receivable is shown on Schedule AB, Part 3, 11a.   The accounts receivable is reflected as of September 30, 2024 and does not account for the 2024 Shared Savings Payment received on November 15, 2024.   Additionally, the Debtors may be entitled to certain Health Plan surplus receivables, which are reflected in an undetermined amount in Schedule A/B Part 3.

(d)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  CareMax's ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

(e)     **Schedule A/B, Part 7 – Office furniture, fixtures, and equipment; and collectibles.**  The Debtors have used book values as of September 30, 2024 for reporting office furniture and equipment.  There have been no valuations on any of such assets.  These amounts may include leasehold improvements.  The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

(f)     **Schedule A/B, Part 10 – Intangibles and Intellectual Property.**  The value of the Debtors' intangible assets is listed as undetermined.  The Debtors are not able to provide a schedule with values specific to its intellectual property (including but not limited to, patents, trademarks, internet domains, and licenses).

The Debtors do not ascribe value to any customer list they may maintain, therefore, no response has been listed in schedule AB question 63.

(g)     **Schedule A/B, Part 11 – All Other Assets.**  CareMax has incurred significant net operating losses ("NOLs" or the "Tax Attributes") since its inception.  As of December 31, 2023, CareMax has generated federal NOLs of $199.8 million.  The Debtors also have $198.1 million of state NOLs.  Further, the Debtors estimate that they may generate additional Tax Attributes in the 2024 tax year.  Such Tax Attributes have not been valued as of the Petition Date and may be restricted in their use.

Intercompany receivables with a book value of $693,738,700 as of the Petition Date and intercompany payables with a book value of $693,738,700 as of the Petition Date have been listed in Schedule A/B Part 11 and Schedule F in an undetermined amount.

(h)     **Schedule D – Creditors Who Have Claims Secured by Property.**  The Debtors have made reasonable efforts to report all secured claims against the Debtors on Schedule D based on the Debtors' books and records as of the Petition Date.  However, the actual value of claims against the Debtors may vary significantly from the represented liabilities.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any secured creditor's allowed claims or the correct amount of all secured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules.  Parties in interest should consult their own professionals and advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated

financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim (except as otherwise agreed to or stated pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final).  The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation, or an acknowledgment of the terms of such agreements or related documents.

(i)     **Schedule E/F – Creditors Who Have Unsecured Claims.**

The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date.  However, the actual value of claims against the Debtors may vary significantly from the represented liabilities.  Certain claims on E/F may have been satisfied post-petition by the Debtors (including employee wages in the ordinary course) or third parties.  Furthermore, accrued interest for some claims may not have been possible to determine.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules.  Parties in interest should consult their own professionals and advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financial information and data the Debtors believe to

be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, updating that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Furthermore, payments to vendors and lienholders made subsequent to the filing of these Schedules will not be reflected in these Schedules. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices and/or make such payments. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect all credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

Intercompany receivables with a book value of $693,738,700 as of the Petition Date and intercompany payables with a book value of $693,738,700 as of the Petition Date have been listed in Schedule A/B Part 11 and Schedule F in an undetermined amount. Such intercompany payables and receivables net to $0 at each Debtor. Additionally, the Debtors may be liable for certain Health Plan deficits, which are reflected in an undetermined amount in Schedule F.

***Part 1 - Creditors with Priority Unsecured Claims.*** The Debtors included certain claims related to severance. The Debtors also included certain claims owing to various taxing authorities to which the Debtors may be liable. Priority unsecured tax claims are listed as contingent since they have been paid through first day relief. Moreover, the inclusion of any amounts owed to taxing authorities does not constitute an admission by the Debtors of such liability.

The Debtors reserve the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors in Schedule E/F, Part 2, based upon the Debtors' books and records as of the Petition Date. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts payable basis, may not reflect the correct

amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Prepetition amounts that may be paid in accordance with court orders, are marked as contingent. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

As of the Petition Date, the Debtors estimate they have approximately 260,000 current patients (collectively, the "Patients"). To the best of the Debtors' knowledge and belief, the Debtors' Patients do not hold claims against the Debtors and have not been listed individually in the Schedules. Moreover, a determination of the amount of any claim that each of the Debtors' current and former patients may hold would be unduly burdensome and cost prohibitive. However, to the extent any current or former patient is a known creditor of the Debtors (e.g., medical malpractice claimant, slip and fall claimant, etc.), the Debtors have endeavored to include such parties in the Schedules.

(j)     **Schedule G – Executory Contracts and Unexpired Leases.** The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

The names of employees and consultants and other individuals have been redacted for privacy purposes.

Certain information, such as the contact information or addresses of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements,

or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have reserved all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission.  Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility.  The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

8.  **Specific Statements Disclosures.**

(a)  **Statements, Part 1, Question 1 and 2 – Gross Revenue from business.**  Revenue amounts listed for current fiscal year are through September 30, 2024.

(b)  **Statements, Part 2, Question 4 – Payments and Transfers to Certain Insiders within 1 year before the filing.**  The Debtors reported payments to certain non-officer and officer insiders within the year prior to the Petition Date.  The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in section 101(13) of the Bankruptcy Code. Certain expense reimbursements reported in Statement 4 relate to credit card spend attributable to Insiders.  Identifying such spend requires a manual reconciliation of credit card statements and the Debtors have made best efforts to allocate appropriately.

Some payments listed as 'Director Fees' in Part 2, Question 4 may include retainers and/or disbursements on account of restricted stock units.  Additionally, in some instances payment amounts listed as 'Employer paid benefits' may include a portion of employee-paid benefits.

Individual payments to Debtor affiliates are not reflected in Statement 4 due to their complexity and voluminous nature. The Debtors have reported net annual intercompany positions in Statement 4, which can be found on the CareMax, Inc. Statement 4. In addition, intercompany payables and receivables as of the September 30, 2024 can be found on Schedule E/F and Schedule AB.

(c)   **Statements, Part 3, Question 7 – Legal Actions or Assignments.** The Debtors have made reasonable best efforts to identify all current pending litigation and legal proceedings involving the Debtors. The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and legal proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors.

(d)   **Statements, Part 4, Question 9 – Gifts or Charitable Contributions within 2 years before the filing.** The donations and/or charitable contributions listed in response to Statement 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors books and records.

(e)   **Statements, Part 6, Question 11– Payments Related to Bankruptcy.** All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on that Debtor's response to this Statement. Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

(f)   **Statements, Part 9, Question 16 – Collect and Retain personally identifiable information of customers.** The Debtors collect a limited amount of information about customers. In accordance with the relief granted in the *Order (I) Authorizing the Debtors to File (A) a Consolidated Creditor Matrix and (B) a Consolidated List of 30 Largest Unsecured Creditors; (II) Waiving the Requirement to File a List of Equity Security Holders; (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information; (IV) Authorizing Implementation of Procedures to Protect Confidential Patient Information; (V) Establishing a Complex Service List; (VI) Approving the Form and Manner of the Notice of Commencement; and (VII) Granting Related Relief* [Docket No. 78] (the "Patient Confidentiality Order") and due to the need to protect confidential information and individual privacy, the home addresses of individuals have been redacted from the Schedules and Statements.

Please see the Debtor's privacy policy at https://www.caremax.com/privacy-policy/.

(g)   **Statements, Part 9, Question 17– ERISA Plan as an Employee Benefit.** The Debtors sponsor a 401(k) plan for their employees.

(h)    **Statement, Part 13, Question 25 –** Information listed in Question 25 is based on best historical corporate structure information available. Certain dates of ownership may be approximate and certain historical address information may be unavailable for entities that no longer exist.

(i)    **Statements, Part 13, Question 26 – Books, records, and financial statements.** The Debtors' common stock is publicly traded on the Nasdaq stock exchange.  The Debtors report their financial results directly to the U.S. Securities and Exchange Commission (the "SEC") for compliance with regulations.  Because the SEC filings and the website are public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the debtors.

(j)    **Statements, Part 13, Question 27 – Inventories – Supervisor and Dates of Inventories Taken Within 2 years.**  The Debtors perform inventory counts of raw materials and finished goods inventories on an annual basis or as needed for operational reasons.  The information included in response to Question 27 reflects the last two (2) inventory dates.

(k)    **Statements, Part 13, Question 28 and 29 – Current and Former Officer and Directors.**  While the Debtors have made reasonable best efforts to list all applicable officers and directors for each Debtor in response to Statement Questions 28 and 29, some may have been omitted.  Disclosures relate specifically to terminated job titles or positions and are not indicative of the individuals' current employment status with the Debtors.

(l)    **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to Statement Question 4 for this item.

*      *      *      *      *

**Fill in this information to identify the case:**

Debtor name        Caremax Medical Center of North Miami, L.L.C.

United States Bankruptcy Court for the:        Northern District of Texas, Dallas Division

Case number (If known):        24-80106

☐ Check if this is an
amended filing

Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals

12/15

---

## Part 1: Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* ....................................................................................................................

   $ _____ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* ..................................................................................................................

   $ _____ 64.16*

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* .....................................................................................................................

   $ _____ 64.16*

---

## Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* .........................................

   $ _____ Undetermined

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ................................................................

   $ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................................................

   + $ _____ 0.00

4. **Total liabilities** ........................................................................................................................
   Lines 2 + 3a + 3b

   $ _____ Undetermined

---

*Plus Undetermined Amounts

| Fill in this information to identify the case: |
| --- |

Debtor name  Caremax Medical Center of North Miami, L.L.C.

United States Bankruptcy Court for the:  Northern District of Texas, Dallas Division

Case number (If known)  24-80106

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.

   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**    $ _____ 0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1  J.P. Morgan Chase | Health Plan Receipts | 0  5  7  8 | $  64.16 |
| 3.2 | | | $ |

4. **Other cash equivalents** *(Identify all)*

| | | |
| --- | --- | --- |
| 4.1  None | | $  0.00 |
| 4.2 | | $ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $  64.16

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

   | Current value of debtor's interest |
   | --- |

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| | |
| --- | --- |
| 7.1 | $ |
| 7.2 | $ |

Debtor    Carenow Medical Center of North Miami, L.L.C.                    Case number (if known)  24-80106
         Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1 _____    $ _____

   8.2 _____    $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                        $ _____ 0.00

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

   ☑  No. Go to Part 4.

   ☐  Yes. Fill in the information below.

                                                          | **Current value of debtor's interest** |

11. **Accounts receivable**

   11a. 90 days old or less: _____ — _____  = ...... → $ _____
                             face amount          doubtful or uncollectible accounts

   11b. Over 90 days old: _____ — _____  = ...... → $ _____
                          face amount          doubtful or uncollectible accounts

12. **Total of Part 3**

   Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $ _____ 0.00

## Part 4:  Investments

13. **Does the debtor own any investments?**

   ☑  No. Go to Part 5.

   ☐  Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

   Name of fund or stock:

   14.1 _____    _____    $ _____

   14.2 _____    _____    $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

   Name of entity:                          % of ownership:

   15.1 _____    _____ %    _____    $ _____

   15.2 _____    _____ %    _____    $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

   Describe:

   16.1 _____    _____    $ _____

   16.2 _____    _____    $ _____

17. **Total of Part 4**

   Add lines 14 through 16. Copy the total to line 83.                      $ _____ 0.00

Debtor _____ Carenow Medical Center of North Miami, L.L.C. _____   Case number (if known) 24-80106
Name

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

    Add lines 19 through 22. Copy the total to line 84.

    $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops–either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

Case 24-80106-mvl11   Doc 12   Filed 11/27/24   Entered 11/27/24 21:27:14   Desc Main
                    Document     Page 19 of 41

33. **Total of Part 6.**

   Add lines 28 through 32. Copy the total to line 85.                         $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

   ☐   No
   ☐   Yes. Is any of the debtor's property stored at the cooperative?

      ☐   No
      ☐   Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

   ☐   No
   ☐   Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

   ☐   No
   ☐   Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

   ☐   No
   ☐   Yes

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
| --- | --- |

38  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ☒   No. Go to Part 8.
   ☐   Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 39. **Office furniture**<br>_____ | $ _____ | _____ | $ _____ |
| 40. **Office fixtures**<br>_____ | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software**<br>_____ | $ _____ | _____ | $ _____ |
| 42. **Collectibles** _Examples_: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

   Add lines 39 through 42. Copy the total to line 86.                         $ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

   ☐   No
   ☐   Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

   ☐   No
   ☐   Yes

| Debtor | Caremax Medical Center of North Miami, L.L.C. | | Case number (If known) 24-80106 |
|---|---|---|---|
| | Name | | |

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☑ No. Go to Part 9.
- ☐ Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |

**49. Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| | |
|---|---|
| | $      0.00 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

- ☐ No
- ☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

Debtor  Carenet Medical Center of North Miami, L.L.C.                    Case number (if known)  24-80106
        Name

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

   ☒ No. Go to Part 10.

   ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

   $ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

   ☐ No

   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☒ No. Go to Part 11.

   ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 61. **Internet domain names and websites** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 62. **Licenses, franchises, and royalties** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 64. **Other intangibles, or intellectual property** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 65. **Goodwill** | | | |
| _____ | $ _____ | _____ | $ _____ |

66. **Total of Part 10.**

   Add lines 60 through 65. Copy the total to line 89.

   $ _____ 0.00

Debtor   CareMax Medical Center of North Miami, L.L.C.                    Case number (if known) 24-80106

Name

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
   - ☐ No
   - ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   - ☐ No
   - ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
   - ☐ No
   - ☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   - ☐ No. Go to Part 12.
   - ☑ Yes. Fill in the information below.

   | | Current value of debtor's interest |
   |---|---|

71. **Notes receivable**

   Description (include name of obligor)

   None _____ — _____ = → $ _____ 0.00
   Total Face Amount   Doubtful or uncollectible Amount

72. **Tax refunds and unused net operating losses (NOLs)**

   Description (for example, federal, state, local)

   | None | Tax Year _____ | $ | 0.00 |
   | _____ | Tax Year _____ | $ | |
   | _____ | Tax Year _____ | $ | |

73. **Interests in insurance policies or annuities**

   See Attached Rider                                             $   Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

   See Attached Rider                                             $   Undetermined

   Nature of Claim _____

   Amount Requested   $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

   None                                                          $   0.00

   Nature of Claim _____

   Amount Requested   $ _____

76. **Trusts, equitable or future interests in property**

   None                                                          $   0.00

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

   None                                                          $   0.00

                                                                 $   _____

78. **Total of Part 11.**

   Add lines 71 through 77. Copy the total to line 90.            $   Undetermined

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
   - ☑ No
   - ☐ Yes

**\*Plus Undetermined Amounts**

| Debtor | Caremax Medical Center of North Miami, L.L.C. | Case number (If known) | 24-80106 |
| | Name | | |

---

**Part 12:**  **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 64.16 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . .............................................................. → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ Undetermined | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ 64.16* + 91b. | $0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92.............................................................. | | $ 64.16* |

*Plus Undetermined Amounts

Debtor Name:  Caremax Medical Center of North Miami, L.L.C.                    Case Number:  24-80106

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| National Union Fire Ins Co Pittsburgh, PA. | Employment Practices Liability | 017679241 | Undetermined |
| Certain Underwriters at Lloyd's, London | Installation/Builder Risk | B0180CN23M00831 | Undetermined |
| TruXS - Hudson Insurance Company | Directors and Officers Liability - Fifth Excess | HN-0303-7564-060824 | Undetermined |
| Atlantic Specialty Insurance Company | Crime | MML-33892-24 | Undetermined |
| Sompo - Endurance Assurance Corp | Directors and Officers Liability - Fourth Excess | DOX30039166601 | Undetermined |
| Palomar Excess and Surplus Insurance Company | Cyber Risk Liability | PLM-CB-SSFYJBJCG-002 | Undetermined |
| Allied World Insurance Co | Directors and Officers Liability - Second Excess | 0313-8733 | Undetermined |
| Berkshire Hathaway Specialty Insurance | Directors and Officers Liability - Eighth Excess | 47-EPC-315660-04 | Undetermined |
| National Union Fire Ins Co Pittsburgh, PA. | Directors and Officers Liability - First Excess | 01-181-85-66 | Undetermined |
| Lexington Insurance Company | Property Coverage | 017198027-00 | Undetermined |
| Hadron Specialty Insurance | Property Coverage | H0054PR000153-00 | Undetermined |
| Old Republic Insurance Company | Automobile Liability | MWTB 316578 23 | Undetermined |
| Arch Specialty Insurance Company | Commercial Umbrella - Excess - Over General Liability/Professional Liability - 2nd Layer | UFE5000026-01 | Undetermined |
| Everest Indemnity Insurance Company | Commercial Excess Liability Umbrella - Excess over Primary (Auto/Employers) | XC4EX00525-241 | Undetermined |
| Ascot Insurance Co | Directors and Officers Liability - Third Excess | MLXS2310000586-04 | Undetermined |
| James River Ins Co | Commercial Excess Liability Umbrella - Primary (Auto/Employers) | 00132072-2 | Undetermined |
| Canopius - Samsung Fire & Mar Ins Co USB | Directors and Officers Liability - Sixth Excess | SGC 0688-03 | Undetermined |
| Berkshire Hathaway Specialty Insurance | Directors and Officers Liability - Primary | 47-EPC-315657-04 | Undetermined |
| Columbia Casualty Company | Commercial Umbrella - Excess - Over General Liability/Professional Liability - 1st Layer | HMC7039566505 | Undetermined |
| Columbia Casualty Company | General Liability / Professional Liability | HMA7036869305 | Undetermined |
| AXA XL Specialty Insurance Company | Directors and Officers Liability - Seventh Excess | ELU197489-24 | Undetermined |
| AIG - National Union Fire Insurance Company PA | Directors and Officers Liability - Ninth Excess | 01-205-49-38 | Undetermined |
| | **TOTAL** | | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Caremax Medical Center of North Miami, L.L.C.                                    Case Number:  24-80106

**Assets - Real and Personal Property**

**Part 11, Question 74:** Causes of action against third parties (whether or not a lawsuit has been filed)

| Causes of action against third parties (whether or not a lawsuit has been filed) | Nature of claim | Amount requested | Current value of debtor's interest |
|---|---|---|---|
| [NAME ON FILE] AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF HEALTHMAX LLC, V. ANTHEM, INC., ET AL | Contract & Indebtedness | Undetermined | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

| | |
|---|---|
| Debtor name | Caremax Medical Center of North Miami, L.L.C. |
| United States Bankruptcy Court for the: | Northern District of Texas, Dallas Division |
| Case number (if known): | 24-80106 |

☐ Check if this is an amended filing

<u>Official Form 206D</u>

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

## Part 1:   List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>Amount of Claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim |
|---|---|---|---|

**2.1** Creditor's name
NAME ON FILE

Describe debtor's property that is subject to a lien
As provided in the UCC financing statement

$ ____ Undetermined   $ ____ Undetermined

Creditor's mailing address
ADDRESS ON FILE

Describe the lien
UCC Financing Statement No. 2020-012081-CA-01

Creditor's email address, if known

Is the creditor an insider or related party?
☑ No
☐ Yes

Date debt was incurred      06/08/2020

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**2.2** Creditor's name
JEFFERIES FINANCE LLC, AS COLLATERAL AGENT

Describe debtor's property that is subject to a lien
As provided in the UCC financing statement

$ ____ Undetermined   $ ____ Undetermined

Creditor's mailing address
520 MADISON AVENUE
NEW YORK, NY 10022

Describe the lien
UCC Financing Statement No. 202201533014

Creditor's email address, if known

Is the creditor an insider or related party?
☑ No
☐ Yes

Date debt was incurred      05/10/2022

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
☑ No
☐ Yes. Have you already specified the relative priority?
    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**      $ ____

| Debtor | Caremax Medical Center of North Miami, L.L.C. | Case number (if known): | 24-80106 |
|---|---|---|---|
| | Name | | |

| Part 1: | Additional Page | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

### 2.3

**Creditor's name**

ACQUIOM AGENCY SERVICES LLC

**Describe debtor's property that is subject to a lien**

SEE SCHEDULE D DISCLOSURES

$ _____ Undetermined  $ _____ Undetermined

**Creditor's mailing address**

ATTN: LOAN AGENCY/LISHA JOHN
950 17TH STREET
SUITE 1400
DENVER, CO 80202

**Describe the lien**

Guarantor to Term Loan B Credit Facility

**Creditor's email address, if known**

LJOHN@SRSACQUIOM.COM

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**   Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

### 2.4

**Creditor's name**

**Describe debtor's property that is subject to a lien**

$ _____  $ _____

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☐ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

| Debtor | Caremax Medical Center of North Miami, L.L.C. | Case number (if known) | 24-80106 |
|--------|-----------------------------------------------|------------------------|----------|
| | Name | | |

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------|-----------------------------------------------------------|-------------------------------------------------|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Caremax Medical Center of North Miami, L.L.C. |
| United States Bankruptcy Court for the: | Northern District of Texas, Dallas Division |
| Case number (If known) | 24-80106 |

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $ _____ | $ _____ |
| | | **Basis for the claim:** | | |
| | Date or dates debt was incurred | | | |
| | Last 4 digits of account number | **Is the claim subject to offset?** | | |
| | SpecifyCode subsection of PRIORITY unsecured **claim:** 11 U.S.C. § 507(a) ( ) | ☐ No ☐ Yes | | |
| **2.2** | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $ _____ | $ _____ |
| | | **Basis for the claim:** | | |
| | Date or dates debt was incurred | | | |
| | Last 4 digits of account number | **Is the claim subject to offset?** | | |
| | SpecifyCode subsection of PRIORITY unsecured **claim:** 11 U.S.C. § 507(a) ( ) | ☐ No ☐ Yes | | |
| **2.3** | Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $ _____ | $ _____ |
| | | **Basis for the claim:** | | |
| | Date or dates debt was incurred | | | |
| | Last 4 digits of account number | **Is the claim subject to offset?** | | |
| | SpecifyCode subsection of PRIORITY unsecured **claim:** 11 U.S.C. § 507(a) ( ) | ☐ No ☐ Yes | | |

Debtor ___Cardmax Medical Center of North Miami, LLC._____ Case number (if known)___24-80106___
Name

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | **Amount of claim** |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

$ _____

Date or dates debt was incurred

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

Last 4 digits of account number

---

**3.2** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

$ _____

Date or dates debt was incurred

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

Last 4 digits of account number

---

**3.3** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

$ _____

Date or dates debt was incurred

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

Last 4 digits of account number

---

**3.4** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

$ _____

Date or dates debt was incurred

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

Last 4 digits of account number

---

**3.5** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

$ _____

Date or dates debt was incurred

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

Last 4 digits of account number

---

**3.6** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

$ _____

Date or dates debt was incurred

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

Last 4 digits of account number

Debtor  Caremax Medical Center of North Miami, L.L.C.                    Case number (if known):    24-80106
Name

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line <br> ☐ Not listed.  Explain | |
| 4.2 | | Line <br> ☐ Not listed.  Explain | |
| 4.3 | | Line <br> ☐ Not listed.  Explain | |
| 4.4 | | Line <br> ☐ Not listed.  Explain | |
| 4.5 | | Line <br> ☐ Not listed.  Explain | |
| 4.6 | | Line <br> ☐ Not listed.  Explain | |
| 4.7 | | Line <br> ☐ Not listed.  Explain | |
| 4.8 | | Line <br> ☐ Not listed.  Explain | |
| 4.9 | | Line <br> ☐ Not listed.  Explain | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.**    Add the amounts of priority and nonpriority unsecured claims.

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $                     0.00 |
| 5b. | **Total claims from Part 2** | 5b. **+** | $                     0.00 |
| 5c. | **Total of Parts 1 and 2**  Lines 5a + 5b = 5c. | 5c. | $                     0.00 |

**Fill in this information to identify the case:**

Debtor name       Caremax Medical Center of North Miami, L.L.C.

United States Bankruptcy Court for the:       Northern District of Texas, Dallas Division

Case number (If known):       24-80106

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| **2.** | **List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | MUTUAL TERMINATION OF PROVIDER AGREEMENT DATED: 01/01/2024 | AETNA<br>C/O NETWORK MANAGEMENT<br>ATTN: KARLA SHINHOSUITER<br>261 N UNIVERSITY DR<br>MAIL CODE 02PLN-210<br>PLANTATION, FL 33324 |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | PROVIDER AGREEMENT DATED: 11/01/2021 | AETNA<br>ATTN: NETWORK MANAGEMENT<br>261 NORTH UNIVERSITY DRIVE<br>MAIL CODE 02PLN-210<br>PLANTATION, FL 33324 |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | MASTER LEASE AGREEMENT | BISCAYNE STORAGE EXHIBITIONS, INC. AND THIRTY-SEVEN STREET HOLDINGS, LLC<br>301 NW 36TH<br>MIAMI, FL 33127 |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | MASTER LEASE AGREEMENT DATED: 02/22/2019 | CLIFFS ON THE HIGHWAY, LLC<br>12996 WEST DIXIE HWAY<br>NORTH MIAMI, FL 33161 |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | LEASE AGREEMENT DATED: 10/01/2017 | GATE INVESTMENTS<br>8001 NW 64 STREET<br>MIAMI, FL 33166 |

Debtor | Caremax Medical Center of North Miami, L.L.C. | Case number (If known): 24-80106
Name

## Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.6** | State what the contract or lease is for and the nature of the debtor's interest | LETTER RE: TRANSFER OF PATIENTS DATED: 07/01/2023 | HUMANA C/O PROVIDER CONTRACTING DEPARTMENT 3401 SW 10TH AVENUE MIRAMAR, FL 33027 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.7** | State what the contract or lease is for and the nature of the debtor's interest | PROPOSAL FOR CAREMAX PHARMACY GROUP | LIBERTY SOFTWARE INC. 3205 E SOUTHLAKE BLVD SOUTHLAKE, TX 76092 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.8** | State what the contract or lease is for and the nature of the debtor's interest | SUPPLY AGREEMENT DATED: 08/01/2023 | MCKESSON CORPORATION ATTN: DIRECTOR, PROPOSAL & CONTRACT DEVELOPMENT AND COUNSEL, ISMC LEGAL 6555 N STATE HWY 161 BUILDING A, 3RD FLOOR IRVING, TX 75039 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name          Caremax Medical Center of North Miami, L.L.C.

United States Bankruptcy Court for the:    Northern District of Texas, Dallas Division

Case number (If known):    24-80106

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible.    If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 Analitico, L.L.C. | 1000 NW 57th Court<br>Suite 400<br>Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 Care Alliance, L.L.C. | 1000 NW 57th Court<br>Suite 400<br>Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 Care Garage, L.L.C. | 1000 NW 57th Court<br>Suite 400<br>Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 Care Holdings Group, L.L.C. | 1000 NW 57th Court<br>Suite 400<br>Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 Care Optimize, L.L.C. | 1000 NW 57th Court<br>Suite 400<br>Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.6 CareMax IPA, L.L.C. | 1000 NW 57th Court<br>Suite 400<br>Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | Caremax Medical Center of North Miami, L.L.C. | | Case number (If known): | 24-80106 |
| | Name | | | |

| | Additional Page if Debtor Has More Codebtors |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. |

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.7 | CareMax Management L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.8 | Caremax Medical Center of Broward, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.9 | Caremax Medical Center of Coral Way, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.10 | Caremax Medical Center of East Hialeah, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.11 | Caremax Medical Center of Hialeah, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.12 | Caremax Medical Center of Homestead, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.13 | Caremax Medical Center of Little Havana II, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.14 | Caremax Medical Center of Little Havana, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |

| Debtor | Caremax Medical Center of North Miami, L.L.C. | | Case number (If known): | 24-80106 |
| --- | --- | --- | --- | --- |
| | Name | | | |

| | **Additional Page if Debtor Has More Codebtors** |
| --- | --- |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. |
| --- |

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.15 | Caremax Medical Center of Pembroke Pines, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.16 | Caremax Medical Center of Tamarac, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.17 | Caremax Medical Center of Westchester, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.18 | Caremax Medical Center, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.19 | Caremax Medical Centers of Central Florida, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.20 | CareMax Medical Group, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.21 | Caremax of Miami L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.22 | CareMax, Inc. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |

| Debtor | Caremax Medical Center of North Miami, L.L.C. | | Case number (If known): | 24-80106 |
| | Name | | | |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.23 | CareMed Pharmacy, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.24 | Clear Scripts, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.25 | Healthcare Advisory Solutions, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.26 | IMC Medical Group Holdings, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.27 | IMC Transport Fleet, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.28 | Interamerican Medical Center Group, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.29 | Jesus Montesano, MD, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.30 | Jose Orcasita-NG, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |

| Debtor | Caremax Medical Center of North Miami, L.L.C. | | Case number (If known): | 24-80106 |
|---|---|---|---|---|
| | Name | | | |

| | **Additional Page if Debtor Has More Codebtors** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. |
|---|

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.31 | Managed Healthcare Partners, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.32 | Physician Service Organization L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.33 | Pines Care Medical Center, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.34 | Primary Provider, Inc. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.35 | Sapphire Holdings, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.36 | Senior Medical Associates, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.37 | Stallion Medical Management, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.38 | Sunset Cardiology, L.L.C. | 1000 NW 57th Court Suite 400 Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☑ D ☐ E/F ☐ G |

| Debtor | Caremax Medical Center of North Miami, L.L.C. | | Case number (If known): | 24-80106 |
| --- | --- | --- | --- | --- |
| | Name | | | |

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.39 | Sunset Holding, L.L.C. | 1000 NW 57th Court<br>Suite 400<br>Miami, FL 33126 | ACQUIOM AGENCY SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.40 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.41 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.42 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.43 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.44 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.45 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.46 | | | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor name  Caremax Medical Center of North Miami, L.L.C.

United States Bankruptcy Court for the:  Northern District of Texas, Dallas Division

Case number (If known)  24-80106

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☑ *Schedule H: Codebtors* (Official Form 206H)

- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended Schedule  _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

- ☐ Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/27/2024
            MM / DD / YYYY

X /s/ Paul Rundell
Signature of individual signing on behalf of debtor

Paul Rundell
Printed name

Chief Restructuring Officer
Position or relationship to debtor